IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AARON SILLAS CRUZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 1:26-CV-2571-RP |
| | § | |
| MIGUEL VERGARA, *in his official capacity as Field Office Director for the San Antonio Field Office, Immigration and Customs Enforcement*, et al., | § | |
| | § | |
| Respondents. | § | |

**ORDER**

Petitioner Aaron Sillas Cruz ("Petitioner") brought his first Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in the United States District Court for the Western District of Texas on May 8, 2026. *See Sillas Cruz v. Vergara et al.*, Compl., Dkt. 1, 1:26-CV-1212-ADA (W.D. Tex.) ("First Petition"). United States District Judge Alan D Albright denied Petitioner's First Petition and entered final judgment in that case on June 15, 2026.

On September 17, 2026, Petitioner filed another Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1) ("Second Petition"), and that case was assigned to the undersigned. On September 22, 2026, pursuant to 28 U.S.C. § 2243, the Court ordered Respondents to show cause within three days as to why the petition should not be granted. (Dkt. 3). On September 25, 2026, Respondents filed a motion to dismiss successive petition, (Dkt. 4), to which Petitioner responded on October 1, 2026, (Dkt. 5). Petitioner subsequently filed an amendment to his Second Petition, (Dkt. 6) ("Amended Second Petition"), which acknowledges the First Petition and clarifies that the Petitioner has added a new claim of relief between the two petitions. Having considered the parties' arguments, the evidence presented, and the relevant law, the Court will deny Petitioner's Amended Second Petition for Writ of Habeas Corpus.

## I. BACKGROUND

Petitioner, a citizen of Mexico, is detained at the T. Don Hutto Detention Center located in Taylor, Texas. (Am. Pet., Dkt. 6, at 1, 2). Petitioner entered the United States in 2000 without being admitted or paroled. (*Id.* at 1). He had Deferred Action for Childhood Arrivals (DACA) for many years, is married to a U.S. citizen spouse, and has a U.S. citizen child. (*Id.*). Petitioner alleges that "[i]n September of 2025, [he] was arrested by State Authorities when he and his wife were having an argument. . . . After serving time, [he] was turned over to Federal Immigration Agents even though he had DACA status." (*Id.* at 3).

In response to the First Petition, Respondents contended Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and the Laken Riley Act. (Resp. to First Pet., 1:26-CV-1212-ADA, Dkt. 4, at 1). And in response to the Second Petition, Respondent contends that the Petition is barred as a successive habeas petition. (Resp., Dkt. 4, at 2). Petitioner alleges that he is entitled to a writ because (1) his detention without consideration for release on bond or access to a bond hearing violates his rights to procedural due process guaranteed by the Fifth Amendment; (2) the detention authority purportedly being applied to detain him does not apply; and (3) his detention is unlawfully prolonged. (Am. Pet., Dkt. 6, at 5–7). Petitioner asks the Court to declare that his detention is unlawful and to grant the writ of habeas corpus ordering Respondents to release Petitioner. (*Id.* at 9).

## II. DISCUSSION

As described above, on June 15, 2026, the District Judge denied Petitioner's First Petition filed in this district. (Order Denying First Pet., 1:26-CV-1212-ADA, Dkt. 6). In his Second Petition, Petitioner did not disclose his First Petition and the District Judge's denial of that petition. (*See* Dkt. 1). Respondents claim that this successive petition raises substantially the same legal basis for relief as the First Petition and should therefore be dismissed. (Resp., Dkt. 4, at 2). Petitioner's response

acknowledges the First Petition, claiming its omission was unintentional, but does not address Respondent's successive petition arguments. (Pet.'s Resp., Dkt. 5, at 4).

Upon review of the District Judge's order denying Petitioner's First Petition, the Court finds that the District Judge denied relief by (a) finding that Petitioner is lawfully detained under § 1225 rather than § 1226 pursuant to the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and (b) incorporating by reference his prior analysis denying habeas relief on constitutional grounds and challenges brought under the APA in *Rodriguez Hernandez v. Collins, et al.*, 1:26-CV-289-ADA (W.D. Tex. Mar. 9, 2026). (Order Denying First Pet., 1:26-CV-1212-ADA, Dkt. 6, at 1–2). Indeed, in *Rodriguez Hernandez*, the District Judge concluded that "procedural due process does not entitle Petitioner to a bond hearing." (Order Denying Pet., *Rodriguez Hernandez*, 1:26-CV-289-ADA, Dkt. 12, at 4).

Unlike the mandatory dismissal of a second or successive § 2255 motion, "dismissal of a successive § 2241 petition is discretionary." *Ortiz-Lopez v. Fed. Bureau of Prisons, Dir.*, 830 F. App'x 127, 131 (5th Cir. 2020) (citing 28 US.C. § 2244[1]). *See also James v. Cain*, 56 F.3d 662, 665 (5th Cir. 1995) ("A district court's decision to dismiss a second or subsequent federal habeas corpus petition for abuse of the writ lies within its sound discretion."). However, the "abuse of the writ" doctrine presents several bars to successive habeas petitions under § 2241. *Ortiz-Lopez*, 830 F. App'x at 131. For example, "a successive § 2241 petition is subject to dismissal for abuse of the writ when the same legal claims addressed in a prior petition are presented again." *Id.* (citing *United States v. Tubwell*, 37 F.3d 175, 178 (5th Cir. 1994)). "Additionally, a second petition that raises a claim that could have been raised in a first petition may be deemed an abuse of the writ unless the petitioner can show

[1] "No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255."

cause and prejudice for his failure to raise the claim earlier." *Id.* (citing *McCleskey v. Zant*, 499 U.S. 467, 493–95 (1991)).

In Petitioner's First Petition, he argued that (1) his detention without consideration for release on bond or access to a bond hearing violates his rights to procedural due process guaranteed by the Fifth Amendment; (2) the detention authority purportedly being applied to detain him does not apply; (3) and his detention violated the APA. (First Pet., 1:26-CV-1212-ADA, Dkt. 1, at 5–7). In Petitioner's Second Petition, he included the same Fifth Amendment and detention authority claims, but he replaced his APA claim with a claim arguing that his detention is unlawfully prolonged under *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Am. Pet., Dkt. 6, at 5–7).

The Court finds that Petitioner's Amended Second Petition almost entirely presents the "same legal claims addressed in a prior petition," i.e., his Fifth Amendment and detention authority claims. *Ortiez-Lopez*, 830 F. App'x at 131. Those claims are barred as successive. However, the Amended Second Petition does add a claim for unlawfully prolonged detention, which is not "a claim that could have been raised in a first petition," *id.*, because the passage of time between the two petitions may ripen a prolonged detention claim.

While Petitioner's prolonged detention claim may not be barred as a successive petition, it is not applicable to the facts of his case. Petitioner's prolonged detention claim relies on *Zadvydas*, 533 U.S. at 701, which held that there is a presumption that only six months of post-removal detention are reasonable. But that presumptive time limit only governs those with a final order of removal. *Id.* at 682. Here, Petitioner has a pending appeal of the immigration judge's order of removal, which the Amended Second Petition itself acknowledges means that "the removal order is not yet administratively final." (Am. Pet., Dkt. 1, at 7); *see also* BIA. 8 C.F.R. § 1003.39 ("Except when certified to the Board, the decision of the Immigration Judge becomes final upon waiver of appeal

or upon expiration of the time to appeal if no appeal is taken whichever occurs first."). Thus, the Court finds that *Zadvydas*'s six-month presumption does not apply to these facts.

Accordingly, the Court, pursuant to its discretion afforded in 28 U.S.C. § 2244, finds that Petitioner's Amended Second Petition should be denied under the abuse of the writ doctrine and that Petitioner's prolonged detention claim is inapplicable here.

## III. CONCLUSION

For these reasons, **IT IS ORDERED** that Petitioner's Amended Petition for Writ of Habeas Corpus, (Dkt. 6), is **DENIED**.

**SIGNED** on October 9, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE